O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01651-DOC (ANx)                    Date:  June 3, 2014

Title: UNITED STATES OF AMERICA V. ONE NISSAN SKYLINE

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
              None Present                                          None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION FOR
                                        DEFAULT JUDGMENT [15]**

       Before the Court is Plaintiff United States of America's Motion for Default
Judgment Against the Interests of William Norman, Yoshimitsu Yuasu, and All Other
Potential Claimants  ("Motion") (Dkt. 15).  For the reasons explained below, the Court
GRANTS the Motion.

## I.  BACKGROUND

### A.  Factual Background

       In 2008, U.S. Immigration and Customs Enforcement ("ICE") began an
investigation into Daryl Alison ("Mr. Alison"), concerning the possible illegal
importation of Nissan Skylines ("Skylines"), a line of compact cars, into Long Beach,
California.  Compl. (Dkt. 1) ¶ 13.  The Skylines were not made to meet United States
motor vehicle standards and importing them to the United States is illegal.  *Id.*

       ICE determined that Mr. Alison arranged to have non-compliant vehicles
disassembled in Japan and then have new vehicle identification numbers placed on them.
*Id.* ¶ 14.  The different pieces of the Skylines would then be shipped separately to the
United States.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1651-DOC (ANx)                             Date: June 2, 2014
                                                                        Page 2

Mr. Alison worked with Yoshimitsu Yuasa ("Mr. Yuasa"), who assisted with the illegal importations.  *Id.* ¶ 15.  Mr. Yuasa owned Quick Garage, Inc. in Japan and U.S. Quick Garage, Inc. in the United States.  *Id.*  U.S. Quick Garage, Inc. was based in Orange, California.  *Id.*

On June 4, 2009, ICE agents executed a search warrant at one of Mr. Alison's car businesses in Costa Mesa, California.  *Id.* ¶ 16.  During the execution of the warrant, ICE agents discovered documentation indicating that a Skyline vehicle (the "Skyline") was sold to William Norman ("Mr. Norman") of Houston, Texas.  *Id.*  The Skyline was scheduled to be delivered to Mr. Norman at his residential address.  *Id.*

On December 22, 2010, pursuant to a federal seizure warrant, the Skyline was seized from Mr. Norman's Houston, Texas residence.  *Id.* ¶ 22.  Examination of the vehicle revealed that it had been modified with a fake vehicle identification number and manufacturer plates.  *Id.*

On October 22, 2013, the United States of America (the "Government") filed this civil forfeiture action, asserting that the Skyline constitutes illegally smuggled merchandise under 18 U.S.C. § 545 and is subject to civil forfeiture under 19 U.S.C. § 1595a.  *Id.* ¶¶ 28, 29.

**B.  Procedural History**

After the Government filed the Complaint, it executed process upon the Skyline. Decl. of Frank D. Kortum ("Kortum Decl.") Ex. A.  Notice of Civil Forfeiture was posted on an official government site, www.forfeiture.gov, for at least thirty consecutive days. *Id.* Ex. B.

Based on the Government's files and records, the known potential claimants are Mr. Norman and Mr. Yuasa.  *Id.* ¶ 2d.  On October 29, 2013, notice and a copy of the complaint were mailed by certified mail to Mr. Norman at his last known address.  *Id.* Ex. C.  The certified mail was returned and marked "unclaimed."  *Id.*  A claim letter to Mr. Norman's attorney, Elon Pollack, indicates that the claim letter was received and accepted.  *Id.* Ex. D.

On February 13, 2014, the Government sent notice and a copy of the complaint to both Mr. Yuasa's last known United States and Japan addresses.  *Id.*  The mail sent to the Japanese address was returned as "refused."  *Id.*  The mail sent to the American address was returned and marked "vacant."  *Id.* Ex. E.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1651-DOC (ANx)                                    Date: June 2, 2014
                                                                              Page 3

On April 28, 2014, the Clerk of the Court entered default against the interests of Mr. Norman, Mr. Yuasa, and all other potential claimants. *Id.* Ex. G. On April 30, 2014, the date this Motion was filed, the Government served Mr. Norman and Mr. Yuasa with the Motion by U.S. mail at their last known addresses. *Id.* ¶ 9. As of the date of this order, no claimant has appeared.

The Government also filed an ex parte application to vacate the hearing date, given that no opposition had been received. *See generally* Application (Dkt. 16). The Court denied this application because "in the interests of fairness, all potential claimants deserve an opportunity to make an appearance on a hearing for motion for default judgment." Order, May 28, 2014 (Dkt. 17).

## II. LEGAL STANDARD

The decision to grant or deny a motion for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). After the clerk enters a default against the defendant, the factual allegations of the complaint, except those relating to damages, is taken as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The district court considers seven factors when deciding whether to grant the motion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

## III.   ANALYSIS

When considering whether to grant a motion for default judgment, courts generally assume that the factual allegations of the complaint are true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Here, the Complaint alleges that the Skyline was imported in violation of the National Highway Traffic Safety Administration's ("NHTSA's") standards and procedures for the importation of an "assemblage of motor vehicle parts." *See* Compl. ¶ 26. Furthermore, because the Skyline was imported without following the proper NHTSA procedure, its importation violated the Motor Vehicle Safety Act. *Id.* ¶ 27. The Court finds that the complaint is sufficient and that the facts alleged support the merits of the Government's substantive claims. *See Eitel*, 782 F.2d at 1471-72. Therefore, the Skyline is subject to forfeiture under 19 U.S.C. § 1595(c)(2)(A).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1651-DOC (ANx)                                    Date: June 2, 2014
                                                                          Page 4

　　　Furthermore, given that the potential claimants have not responded and were given ample notice—including service of the complaint, having default entered against them, service of the motion, and being given the opportunity to appear at the hearing—the Court finds that it is unlikely that entry of default judgment will prejudice potential claimants or that their defaults were due to excusable neglect.  *See id.*

　　　Therefore, the Court finds that it is proper to enter default judgment against all potential claimants to the Nissan Skyline.

## IV.DISPOSITION

　　　For the reasons explained above, the Court GRANTS the Government's Motion for Default Judgment.  Default Judgment is entered against William Norman, Yoshimitsu Yuasu, and all other potential claimants to the Nissan Skyline.

　　　The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                Initials of Deputy Clerk